IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MATTHEW POPE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-1225-O-BP |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this civil rights case, the Plaintiff, Matthew Pope ("Pope"), sues the State of Texas and the North Richland Hills Municipal Court ("the Municipal Court") for violating his constitutional rights. On December 11, 2023, Pope ("Pope") filed a civil complaint accompanied by a long-form motion/application to proceed *in forma pauperis*. ECF Nos. 1 and 4. Also on that same date, the case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF No. 5. On February 15, 2024, the undersigned ordered Pope to answer a questionnaire as part of this screening process and required him to return it by March 18, 2024. ECF No. 8. On March 13, 2024, Pope did so. ECF No. 9. After considering the pleadings, questionnaire response, and applicable legal authorities, and as part of the judicial screening process under 28 U.S.C. § 1915(e)(2), the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** Pope's claims against the State of Texas and **DISMISS WITH PREJUDICE** his claims against the Municipal Court under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

**I.       BACKGROUND**

Pope argues that officers of the North Richland Hills Police Department violated his Fourth Amendment rights on August 12, 2023 by pulling him over without probable cause to believe that he lacked insurance or registration for his car. ECF No. 1 at 1. He also appears to argue that this traffic stop violated his constitutional right to travel. ECF No. 1 at 1-2.  He further argues that the officers violated his Fifth Amendment rights, presumably under the Takings Clause, by impounding his car. *Id*.

As a result of the traffic stop, Pope was "charged with an expired registration, failure to display valid insignia with a failure to maintain responsibility" and "driving while license invalid." ECF No. 9 at 3. He was scheduled for a jury trial on December 19, 2023. *Id*. at 13. Pope explains that because he "unlawfully spent a night in the North Richland Hills Jail the Judge granted [him] time served with a ple[a] of no contest," which he claims he "gave under Duress because no other form of remedy or relief was offered to [him] legally." *Id*. at 3. He complains that the Municipal Court's presiding judge treated him poorly during his court appearance, claiming that the judge "railroaded" him and demanded that he enter a plea, while also interrupting him numerous times. ECF No. 1 at 2. He argues that this behavior amounts to a violation of 18 U.S.C. § 241 and 18 U.S.C. § 242. ECF No. 1 at 1. Pope also claims he asked the judge and prosecutor to show him their license to practice law via a Rule 12 challenge, but that they did not do so. ECF No. 9 at 21; Tex. R. Jud. Admin. 12.  In the interest of liberally construing his complaint, the undersigned also interprets Pope to bring a Due Process Clause cause of action relating to his treatment during the traffic court proceedings.

The official website of the Municipal Court reflects that Pope received citations for "expired registration/fail to display valid insignia" (Citation B0681594-01), "fail to maintain

financial responsibility" (B0681594-02), and "driving while license invalid-DWLI" (B0681594-03). *See* https://www.municipalrecordsearch.com/northrichlandhillstx/Cases last accessed on October 21, 2024). The website also reflects that Pope pleaded "no contest" to the first citation and "not guilty" to the second and third citations. *Id.* The website states that he was convicted of each of the charges on February 28, 2024. *Id.* The Court takes judicial notice of the information concerning Pope's citations at issue under Federal Rule of Evidence 201(b)(2). Nothing suggests Pope has attempted to appeal these convictions in state court.

Pope also provides a detailed "Declaration to Federal Court" describing numerous issues unrelated to the August 12, 2023 traffic stop and subsequent criminal cases. ECF No. 9 at 16-23. These issues can be grouped into four general arguments. First, he argues that the 3rd District Court of Tarrant County and its probation officers violated his state and federal constitutional rights during an unrelated state criminal prosecution and subsequent probation that transpired in 2019 through 2021. *Id*. at 16-17. Second, he discusses issues at the homeless shelter and halfway house where he lived during that period (while on parole and before having probation revoked). *Id*. at 19-20. Third, he also describes two incidents in which he claims he was "unlawfully detained for playing electric guitar in public," one on December 27, 2022, and another on March 13, 2024. ECF No. 9 at 20-21, 22. Fourth, he argues generally that Texas has breached its contracts with him and that he is "proposing a new contract with Texas and all the other entities I listed." ECF No. 9 at 23.

Although several of these "incidents" mentioned in the Declaration arguably involved the State of Texas, the Municipal Court was not a party to any of them. Pope seeks unspecified monetary and injunctive relief and restitution from the State of Texas and the Municipal Court. To the extent he also pursues restitution concerning the impoundment of his car, Pope asserts no facts

to show that the State of Texas or the Municipal Court was involved in the impoundment. ECF No. 9 at 6.

## II.  LEGAL STANDARD

### A.  Section 1915 Screening

When a plaintiff is proceeding *in forma pauperis*, the Court is authorized to screen plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. E.E.O.C.,* 301 F.3d 227, 231-33 (5th Cir. 2002). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33.

### B.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6)

motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise*, *LLC v*. *Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v*. *Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v*. *ALCOA*, *Inc*., 339 F.3d 359, 366 (5th Cir. 2003).

### C. Pro Se Plaintiffs

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and the Fifth Circuit thus recommends that suits be dismissed without

prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An incurable defect may arise when a complaint's facts are "not actionable as a matter of law." *Id.* In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Courts may also appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that the plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-cv-0863-D, 2001 WL 627600, at *2-*3 (N.D. Tex. 2001).

### III.  ANALYSIS

#### A.  The State of Texas has immunity from Pope's claims against it.

Under the Eleventh Amendment of the Constitution, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Accordingly, the Eleventh Amendment bars Pope's claims against the State of Texas.

However, there are three possible exceptions to Eleventh Amendment immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267

(1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 364 (2001).

*Young* allows only the granting of "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Pope has not named any individual defendants and has not stated any claims for specific injunctive relief. Thus, the exception to Eleventh Amendment immunity under *Ex Parte Young* is unavailable to him on all claims.

Pope neither pleaded nor directed the Court to authority showing that the State of Texas has waived immunity or consented to suit for Texas state law claims. Indeed, Congress has not abrogated Texas' Eleventh Amendment immunity for breach of contract or tort claims, and Texas has not consented to suit in federal court. *See Duncan v. Univ. of Tex. Health Science Ctr. at Hous.*, 469 F. App'x 364, 366 & n.3 (5th Cir. 2012) (per curiam) (Texas contract and tort claims against a state university were barred by sovereign immunity); *Kitchens v. Tex. Dep't of Human Res.*, 747 F.2d 985, 986 (5th Cir. 1984) (contract claims); *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996) (tort claims); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2024) (explicitly not providing for a waiver under the Texas Torts Claims Act for intentional torts). Accordingly, the Eleventh Amendment bars any of Pope's remaining state law claims against the State of Texas, which *Heck* does not bar as explained below.

Pope neither pleaded nor directed the Court to authority showing that the State of Texas has waived immunity or consented to suit for claims of violation of constitutional rights alleged under 42 U.S.C. §§ 1981, 1983, and 1985. The law is clear that Texas has not waived immunity or consented to suit under these sections. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)

7

("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States[.]"); *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996) ("Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985."); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity."). Accordingly, to the extent that the Court could liberally construe Pope to state a claim against the State of Texas under 28 U.S.C. §§ 1981, 1983 and 1985, the Eleventh Amendment bars such claims.

Because the State of Texas is immune under the Eleventh Amendment from Pope's claims in this case, the Court should dismiss those claims without prejudice. *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

### B. *Heck v. Humphrey* bars Pope's Fourth Amendment, right to travel, and Due Process claims relating to the August 12, 2023 traffic stop.

Since Pope was convicted of the traffic offenses at issue after pleading "no contest" or "not guilty" to the citations, under the *Heck* doctrine he is unable to raise any civil rights violations that call those conviction into question. Specifically, to the extent that Pope seeks to challenge the criminal convictions against him relating to the August 12, 2023 traffic stop, the Court must dismiss such challenge unless Pope demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Accordingly, the Court should dismiss Pope's claims about Fourth Amendment and right-to-travel violations during the traffic stop and any Due Process claim he is bringing relating to his treatment during traffic court proceedings under the *Heck* doctrine, since finding in his favor on

8

them would imply the invalidity of his convictions. Such a dismissal pursuant to *Heck* should be with prejudice, precluding Pope from reasserting those claims unless he can demonstrate that the *Heck* conditions have been satisfied. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). Further, claims barred by *Heck* are legally frivolous unless the *Heck* conditions are met. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

      **C.**    **The Court should dismiss Pope's claims relating to the actions of the judge and prosecutor in his court case and to their alleged violation of Rule 12 of the Texas Rules of Judicial Administration.**

The judge of the Municipal Court and the prosecutor of Pope's case in that court are immune from his claims. "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 423 F. App'x 409, 411 (5th Cir. 2009) (quoting *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). Similarly, prosecutorial immunity shields the unnamed prosecutor from liability for his or her actions at Pope's criminal trial, because "[p]rosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions." *Algoe v. State of Texas*, No. 3:15-CV-1162-D (consol. with 3:15-CV-1204-D), 2016 WL 6902154, at *8 (N.D. Tex. Sept. 29, 2016) (*citing Imbler v. Pachtman*, 424 U.S. 409, 430-32 (1976)), *rec. adopted*, 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016), *appeal dismissed*, No. 16-11799, 2017 WL 11776347 (5th Cir. 2017). "This immunity extends to municipal prosecutors." *Id.* (citing *Melton v. Frank*, 114 F.3d 1184 (5th Cir. 1997)).

Additionally, Pope refers to the Rule 12 of the Texas Rules of Judicial Administration when explaining that he asked the presiding judge and the prosecutor to show him their law licenses. ECF No. 9 at 21. However, "[a] request to inspect or copy a judicial record must be in writing," and Pope has not pleaded facts suggesting that he made this request in writing. Tex. R.

Jud. Admin. 12.6(a). Accordingly, Pope fails to state a claim against the Municipal Court, its presiding judge, and assigned prosecutor.

### D. Pope is not the proper party to bring charges under 18 U.S.C. § 241 and 18 U.S.C. § 242.

Pope appears to argue that the Municipal Court violated federal criminal statutes 18 U.S.C. § 241 and 18 U.S.C. § 242 because it has a "duty to prevent negligence" and engaged in "deprivation of rights under color of law." ECF No. 1 at 1. However, private citizens generally have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). Therefore, because only the government, not Pope, can prosecute a defendant under these statutes, the Court should dismiss claims against the Municipal Court for violations of federal criminal law.

### E. The Court should dismiss Pope's claims without leave to amend.

The decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994). In determining whether to allow an amendment of the pleadings, the Court considers the following: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982). However, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier,* 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller,* 342 F.3d at 563. Pope has pleaded his best case after filing an Original Complaint and responding to the Court's Questionnaire. Immunity bars his claims for the most part, and amendment or revision of the pleadings will not change that fact. The undersigned concludes that allowing Pope another opportunity to amend his lengthy

pleadings would be an inefficient use of the Court's resources, would cause unnecessary delay, and would be futile.

## IV.     CONCLUSION

The Court should dismiss Pope's claims arising from his August 12, 2023 traffic stop because they fail to state a claim and seek relief from defendants who are immune from the claims. 28 U.S.C. § 1915. The State of Texas is immune from suit in this Court under the Eleventh Amendment, and Pope has not alleged facts to show that any exceptions to that immunity apply. Likewise, the *Heck* doctrine bars claims against the Municipal Court because those claims call into question Pope's criminal convictions under the citations at issue that are subject to the *Heck* doctrine. Further, liberally construing Pope's claims as they relate to the Municipal Court's judge and prosecutor, absolute judicial immunity bars Pope's claims against the judge, and prosecutorial immunity bars his claims against the prosecutor. He has no claim against the judge or prosecutor under Rule 12.6(a) of the Texas Rules of Judicial Administration, and he is not a proper party to assert violations of 18 U.S.C. § 241 and 18 U.S.C. § 242.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS WITHOUT PREJUDICE** Pope's claims against the State of Texas and **DISMISS WITH PREJUDICE** his claims against the North Richland Hills Municipal Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To the extent that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Pope's claims against the Municipal Court, Judge O'Connor should dismiss the claims with prejudice, subject to Pope's right to reassert them later if the conditions under *Heck* are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    It is so **ORDERED** on October 21, 2024.

                                                                */s/ Hal R. Ray, Jr.*
                                                                 Hal R. Ray, Jr.
                                                                 UNITED STATES MAGISTRATE JUDGE